**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | | |
|---|---|---|
| **ARIEL FERNANDO MATAMOROS BACA,** | § | |
| | § | |
| **Petitioner,** | § | |
| | § | |
| **v.** | § | **CAUSE NO. EP-26-CV-1813-KC** |
| | § | |
| **MARY DE ANDA, et al.,** | § | |
| | § | |
| **Respondents.** | § | |

**SHOW CAUSE ORDER**

On this day, the Court considered the case. On July 2, 2026, Ariel Fernando Matamoros Baca filed a Petition for Writ of Habeas Corpus, ECF No. 3, challenging his detention as unlawful and seeking his immediate release. That same day, the Fifth Circuit issued its opinion in *Rodriguez v. Ortega*, --- F.4th ----, 2026 WL 1906557 (5th Cir. July 2, 2026), holding that "the Government may detain aliens under § 1225(b)(2)(A) for ninety days but no longer without a bond hearing." *Id.* at *16.

On July 7, finding that Matamoros Baca had been detained under § 1225(b) for less than ninety days, the Court ordered Respondents to either (1) release Matamoros Baca from custody, (2) provide Matamoros Baca "with a hearing at which an adjudicator 'articulate[s] an individualized justification for further detention without bond,' such as dangerousness or flight risk," or (3) file a brief demonstrating why Matamoros Baca is not entitled to release or an individualized hearing. *See* July 7, 2026, Order 2–3 (citing *Rodriguez*, 2026 WL 1906557, at *16), ECF No. 2. Respondents were to do so by September 2, 2026. *Id.*

Then, on July 10, the Fifth Circuit granted rehearing en banc and vacated the panel opinion in *Rodriguez*. *See* Order, *Rodriguez v. Ortega*, No. 26-50221 (5th Cir. July 10, 2026),

ECF No. 153. Accordingly, the *Rodriguez* panel opinion has no precedential value, and the ninety-day permissible detention period no longer controls. *See Comer v. Murphy Oil USA, Inc.*, 718 F.3d 460, 468 (5th Cir. 2013). The Court thus reverts to it previous interpretation of the law governing habeas claims brought by petitioners subject to mandatory detention under the Government's new interpretation of 8 U.S.C. § 1225(b).

Matamoros Baca has been in the country for some time and was apprehended and detained by immigration authorities for the first time on June 4, 2026. Pet. 9. As alleged, his case appears materially indistinguishable from several others in which this Court has found a procedural due process violation. *See, e.g.*, *Martinez v. Noem*, No. 3:25-cv-430-KC, 2025 WL 2965859, at *1–5 (W.D. Tex. Oct. 21, 2025). Of course, Respondents are nevertheless permitted to state their position before a ruling. In doing so, Respondents are encouraged to avoid boilerplate arguments that this Court has already rejected. Absent new authority, they may assume that the Court's position on the law has not changed and explain whether the facts of Matamoros Baca's case warrant a different outcome.

Accordingly, the Court **ORDERS** that the July 7, 2026, Order, ECF No. 2, and all deadlines therein, are **VACATED**.

**IT IS FURTHER ORDERED** that Respondents shall **SHOW CAUSE** by **no later than July 20, 2026**, why the application for a writ of habeas corpus should not be granted. *See Lopez-Arevelo v. Ripa*, No. 3:25-cv-337-KC, 2025 WL 3254930, at *2 & n.1 (W.D. Tex. Aug. 26, 2025). The Court will set this matter for a hearing and order additional briefing deadlines, if necessary, upon review of the show cause response.

**IT IS FURTHER ORDERED** that if any deadline set in this Order falls on a weekend or holiday, that deadline is extended to the following business day.

**SO ORDERED**.

**SIGNED this 13th day of July, 2026.**

KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE